1  WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Azell Woods, | No. CV-04-3067-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, Individually; Joseph M. Arpaio, as Maricopa County Sheriff for Maricopa County Sheriff's Office; and the Maricopa County Board of Supervisors, | |
| Defendants. | |

*Pro se* Plaintiff Azell Woods was a prisoner in the custody of the Maricopa County Sheriff who has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging that his federal constitutional rights have been violated by an overcrowded jail that affords minimal recreational opportunities. At issue is a motion to dismiss filed by Defendants Joseph M. Arpaio and the Maricopa County Board of Supervisors (Doc. 8) and a motion to reconsider filed by Plaintiff (Doc. 12).[1]

**I.  DISCUSSION**

Defendants' motion to dismiss argues that Plaintiff failed to exhaust his administrative remedies before filing this suit, as he is required to do by 42 U.S.C. § 1997e, which states, "No action shall be brought with respect to prison conditions under Section 1983 of this title,

---

[1] All other Defendants were dismissed from this action on April 13, 2005 (Doc. 3.)

1  or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
2  facility until such administrative remedies as are available are exhausted."  The burden is on
3  Defendants to prove that Plaintiff failed to exhaust his administrative remedies.  *Wyatt v.*
4  *Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003); *Smith v. Bayer,* 64 Fed. Appx. 46, 47 (9th Cir.
5  2003) (citing *Wyatt,* 315 F.3d at 1120); *Ervine v. Clarke,* 64 Fed. Appx. 67 (9th Cir. 2003)
6  (citing *Wyatt,* 315 F.3d at 1120).

7        Defendants offer the affidavit of Sergeant Amy Grimm of the Maricopa County
8  Sheriff's Office ("MCSO"), which states that she has performed "a thorough search of the
9  inmate grievance records maintained by MCSO for inmate Azell Woods #D068985.  The
10  record indicates that Mr. Woods has not filed any grievances during his custody at MCSO."
11  (Def.'s Mot. to Dismiss, Ex. B).  Sergeant Grimm further testifies that a failure to file any
12  grievances constitutes a failure to exhaust administrative remedies.  (Def.'s Mot. to Dismiss,
13  Ex. B).  That affidavit is dated July 22, 2005.  (Def.'s Mot. to Dismiss, Ex. B).

14        Plaintiff responds that "[a]ll copies of grievances and attempts to resolve were
15  attached to the original complaint."  This is not true, as the Complaint does not contain any
16  attachments.

17        After Defendants filed a reply in support of their motion to dismiss, Plaintiff filed a
18  "Motion for Reconsideration" and a "Response to the affidavit submitted by Sergeant Amy
19  Grimm," to which was attached documentation concerning Plaintiff's alleged exhaustion of
20  the MCSO grievance process.  Defendants did not respond.

21        The issue is whether the documentation supplied by Plaintiff is sufficient to overcome
22  Sergeant Grimm's affidavit and establish that he exhausted his administrative remedies before
23  commencing this action.  Defendants attach to their Motion to Dismiss the MCSO "Policy
24  and Procedure" guidelines for "Inmate Grievance Procedure."  (Def.'s Mot. to Dismiss, Ex.
25  A ("Guidelines").)

26        The first step in that procedure is for the inmate to request a Grievance Form, which
27  he must do within 48 hours of the event that he is grieving.  (Guidelines, at 2.)  On the
28  Grievance Form, the inmate must propose a resolution to his grievance.  (Guidelines, at 2.)

1     Plaintiff attaches to his Motion for Reconsideration an Inmate Grievance Form dated
2 December 3, 2004 in which he complained that the prison was violating his rights by failing
3 to comply with an order that "all pretrial detainees shall be feed [sic] in dining areas
4 seperated [sic] from their cells. 5B only has dining seating for twenty-four (24) in a forty-
5 five (45) man pod." (Pl.'s Mot. for Reconsideration, Ex. 3[2].) Plaintiff proposed a resolution
6 to the alleged problem, and was informed by the Shift Supervisor that prison officials were
7 aware of the problem, and two new jails were being built to alleviate it. (Pl.'s Mot. for
8 Reconsideration, Ex. 3.)

9     Next, Plaintiff submitted two Inmate Institutional Grievance Appeal Forms, one on
10 December 7, 2004, and another the following day. (Pl.'s Mot. for Reconsideration, Ex. 1, 2.)
11 The appeal was denied, and Plaintiff then completed the External Grievance Appeal process.
12 (Pl.'s Mot. for Reconsideration, Ex. 8.) He received a document entitled "Response by the
13 External Referee Inmate Grievance Procedure," which found that his claim concerning the
14 dining area issue had "validity." (Pl.'s Mot. for Reconsideration, Ex. 8 at 5.) That document
15 also states, "This concludes the formal inmate grievance procedure. You may elect to file
16 a complaint with the federal district court." (Pl.'s Mot. for Reconsideration, Ex. 8 at 5.)

17     The document was signed by an External Referee, but it is not dated. The only
18 evidence that might establish when the document was signed appears on the first page, where
19 it states that the "hearing date" was December 29, 2004, the day before Plaintiff filed his
20 Complaint with this Court.

21     The date that this document was signed is crucial to the issue of exhaustion. If the
22 document was signed on December 29, 2004, then Plaintiff would have exhausted his
23 administrative remedies before he filed his Complaint. If the hearing occurred on December
24 29, 2004, but the document was not issued until after, exhaustion would not have occurred
25 prior to the initiation of this action, a fatal deficiency. Because Defendants have failed to

---

[2]The grievance documents attached to Plaintiff's Motion for Reconsideration are not separately number or lettered, so the Court will assign a number to them in the order that they are attached to the motion.

- 3 -

1  provide any evidence that the document was not issued after December 29, 2004, the Court
2  will assume that the document was issued on the date of the hearing.  As such, Plaintiff
3  exhausted his administrative remedies with respect to the dining area issue prior to filing his
4  Complaint.

5  Plaintiff's Complaint contains three counts.  The first relates to the dining area issue,
6  and Defendants' Motion to Dismiss is denied with respect to that claim.

7  The second count relates to the allegedly insufficient amount of recreation time that
8  Plaintiff receives, and the third count relates to the general overcrowding of the jail, and
9  makes specific mention of the allegedly unconstitutional practice of "triple-bunking."

10  Plaintiff has submitted no evidence that he has exhausted his administrative remedies
11  with respect to the remaining two counts of his Complaint, but of course, he does not have
12  the burden to do so.  *Wyatt,* 315 F.3d at 1120.  Defendants cite a case for the proposition that
13  the burden is on Plaintiff to prove exhaustion, but inexplicably, that case is from the Tenth
14  Circuit.

15  Have Defendants met their burden of showing that Plaintiff failed to exhaust his
16  administrative remedies? Ordinarily, an affidavit like the one submitted by Sergeant Grimm
17  would be sufficient, but a close analysis of her affidavit reveals why her search did not turn
18  up any record of Plaintiff's grievances: she searched under the wrong inmate number.  Her
19  affidavit states that she searched for "#D068985" but that is not Plaintiff's inmate number.
20  His number is "D068958," and it appears at the top of all of Plaintiff's Grievance Forms as
21  well as MCSO's responses to those documents.

22  Of course, it is possible that Sergeant Grimm performed a search of the correct inmate
23  number but simply typed it incorrectly on her affidavit.  However, that possibility is
24  foreclosed by the fact that her search revealed *no* grievances filed by Plaintiff when he
25  clearly filed at least one.

26  Defendants have failed to meet their burden that Plaintiff has failed to exhaust his
27  administrative remedies.

28

1    **IT IS ORDERED** denying the Motion to Dismiss filed by Defendants Joseph M.
2 Arpaio and the Maricopa County Board of Supervisors (Doc. 8).
3    **IT IS FURTHER ORDERED** granting the Motion for Reconsideration filed by
4 Plaintiff (Doc. 12).

   DATED this 24th day of January, 2006.

   _/s/ Susan R. Bolton_
   Susan R. Bolton
   United States District Judge